UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2 JAMES PALMER

    Defendant.
_____/

Crim. Case No. 18-20809

Paul D. Borman
United States District Judge

## ORDER DENYING DEFENDANT JAMES PALMER'S MOTION IN LIMINE TO SUPPRESS REFERENCE AT TRIAL OF JULY 6, 2016 TRAFFIC STOP OF A CAR PALMER WAS DRIVING AND CO-DEFENDANT ROBERT TUBBS WAS A PASSENGER

On July 6, 2016, Defendant James Palmer was driving a car in which Co-Defendant Robert Tubbs was a passenger. During the stop, police seized in excess of $20,000 case of what Tubbs described as drug proceeds at his plea hearing, from a secret compartment in that car. Tubbs indicated that he intended to take that money and deliver the proceeds.

On July 22, 2016, police stopped a vehicle driven by James Palmer that contained four kilograms of cocaine that Tubbs and Palmer intended to distribute.

On August 13, 2019, Defendant Palmer filed the instant Motion in Limine (ECF #38). On August 20, 2019, the Government filed a Response in Opposition

1

to Defendant's Motion. (ECF #42).

Defendant Palmer contends that evidence of the July 6, 2016 traffic stop is not "relevant [per FRE 401 & 402], and even if relevant is more prejudicial [FRE 403] and merits exclusion . . ." (ECF #38, P.1).

Defendant contends that because co-defendant Tubbs, the July 6, 2016 passenger in the car with the secret compartment, that Palmer was driving, testified at his plea hearing that "he [Tubbs] secreted the funds seized on July 6, 2016 and that he intended to distributed (sic) said funds." (ECF #38, Defendant's Motion In Limine, Pp. 2-3)

But Defendant Palmer's statement about what Tubbs' allegedly testified to is not correct. Both in Tubbs' Rule 11 Plea Agreement and in his August 14, 2019 plea, Tubbs stated only (1) that he knew the $20,760 of seized drug proceeds were hidden in the car, and that Tubbs intended to deliver the drug proceeds. (ECF #37, Rule 11 Plea Agreement Pp. 2-3), and (2) that he intended "to take that money and deliver the proceeds . . ." (ECF #39, Tr. Tubbs plea hearing, August 14, 2019, P.14). In neither, Tubbs' Rule 11 nor in his plea transcript, did he state that, as Defendant asserts, Tubbs, "secreted the funds seized on July 6, 2016." (ECF #38, P.2) in the car driven by co-defendant James Palmer. Tubbs stated that the money was secreted in the car driven by Palmer, and that he was going to distribute those

drug proceeds. Nothing about Tubbs' plea or Rule 11 indicates that Palmer, who was driving the car, did not put the money in the compartment or was unknowing about it.

The Court concludes that the evidence of the July 6, 2016 traffic stop and seizure of more than $20,000 cash in a hidden compartment, covered by dryer sheets, is relevant evidence for the upcoming trial of co-defendant James Palmer for "Count One Conspiracy to Possess With Intent to Distribute Controlled Substances, 21 U.S.C. §846," and "Count Two" Possession With Intent to Distribute Cocaine, 21 U.S.C. §841(a)(1).

This evidence is relevant under Federal Rules of Evidence 401 both because (a) it makes the fact of a narcotics conspiracy more probable than it would be without the evidence, and (b), the July 6, 2016 traffic stop is of consequence in determining the action.

The Court further finds that the value of this very relevant evidence is not substantially outweighed by a danger of unfair prejudge, confusing the issues, or misleading the jury.

The July 6 seizure is within the time frame charged in the conspiracy, and it supports the existence of an ongoing drug distribution conspiracy involving Defendants Palmer and Tubbs.

Drugs are a cash business, and the seizure of over $20,000 in a hidden compartment, covered by dryer sheets to mask any scent of drugs, in a car driven by Defendant Palmer, certainly provides relevant evidence of <u>their</u> conspiracy to distribute drugs – it is relevant evidence to establishing a common scheme or plan – a common purpose to distribute drugs. See *United States v. McCloud*, __F.3d__ (6th Cir. 2019), 2019 WL 3926944, August 20, 2019, Pp. 6-7).

Accordingly, the Court DENIES Defendant's Motion to Suppress reference to the July 6, 2016 traffic stop at trial.

SO ORDERED.

DATED: AUG 2 1 2019

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE